CLARISSA BROWN agt. SAMUEL S. FERGUSON.

Where an execution was issued out of *this court*, sealed with the *seal of the court of common pleas* of the county of Putnam, and notice of its with-[*179] drawal from the sheriff was served by *plaintiff's attorneys on defend-ant's attorney *before any levy was made*, and before defendant's attor-ney had completed his papers for motion to set it aside for irregularity ; although defendant's attorney had, before receiving such notice, made an affidavit, and procured the circuit judge's order, staying plaintiff's proceedings on the exe-cution, and served a copy of the order on the sheriff. *Held*, that the motion was *unnecessary*, and was denied, without costs to either party.

*June Term,* 1846.

Motion by defendant to set aside execution, for irregularity.
There was a copy of the execution in this cause attached to the moving papers, *a seal of the court of common pleas of the county of Putnam* was stated to be attached to the original, and so marked on the copy, and the motion was made on the ground that the execution was issued without the *seal of th'' court.* The moving papers stated that the execution was de-livered to the sheriff of Westchester, on the 4th of April, and the sheriff stated to Mr. Mills, the law partner of defendant's

attorney, that he had instructions from plaintiff's attorney to proceed and collect the amount of it. On the 21st of April, about 2 o'clock, P. M., defendant's attorney caused to be served on the sheriff a copy of an order made by the circuit judge of the second circuit, staying proceedings upon the execution; about 4 o'clock, P. M., of the same day, one of plaintiff's attorneys served a notice on defendant's attorney, of the *withdrawal* of the execution from the sheriff; defendant's attorney then informed him that he had, in the forenoon of that day, prepared and sworn to moving papers to set aside the execution, and they were then copying to serve on plaintiff's attorneys, and demanded that his costs should be paid for preparing the papers for the motion, which plaintiff's attorney declined to do. Defendant's attorney then informed plaintiff's attorney that he should disregard the notice of withdrawal, and go on to make the motion. On the part of the plaintiff, D. C. Briggs, Esq., one of the plaintiff's attorneys, stated that the first intimation he had, or, as he believed, either of the plaintiff's attorneys had, of any error in the execution, was at the Westchester circuit in the afternoon of the 21st of April last; that J. W. Tompkins, Esq., the defendant's attorney, was then engaged as counsel in summing up a cause; he (Briggs) spoke to J. W. Mills, Esq., the law partner of defendant's attorney, about the execution, when Mills informed him that they proposed to move to set it aside, but the affidavits and papers for the motion were not then prepared, and that Briggs had better withdraw the execution. A few minutes after conversing with Mills, he saw the sheriff of Westchester, and examined the execution then in his hands, and on close inspection discovered that the seal attached was not the seal of this court, and immediately thereafter withdrew *the      [*180] execution from the sheriff before any levy had been made, as he was informed by the sheriff, and prepared a notice thereof, during all which time Tompkins continued addressing the court and jury, and within five minutes after Tompkins had ceased speaking he served the notice of withdrawal upon him, which was about one hour before the service of the

judge's order, staying proceeding and notice of this motion, on plaintiff's attorneys. Briggs denied that Tompkins ever demanded of him the costs for preparing the papers for the motion.

> J. W. TOMPKINS, *defendant's counsel and attorney.*
> A. TABER, *plaintiff's counsel.*
> LEE & BRIGGS, *plaintiff's attorneys.*

JEWETT, Justice. Thought there was no *necessity* for this motion; the execution was withdrawn, and notice given *before any levy* was made. The defendant's papers were not fully prepared for the motion, when the notice of withdrawal was served, as appears on both sides. Motion denied, without costs to either party.